OPINION
{¶ 1} On December 12, 2002, the Stark County Grand Jury indicted appellant, Mark Rice, II, on two counts of possession of cocaine in violation of R.C. 2925.11.
 {¶ 2} On February 28, 2003, represented by counsel, appellant pled guilty as charged. By judgment entry filed same date, the trial court sentenced appellant to an aggregate term of one year in jail. Appellant was ordered to appear at the Stark County Jail on March 7, 2003. The trial court informed appellant that his failure to appear on said date would cause the trial court to revisit the sentence.
 {¶ 3} Appellant failed to appear on March 7, 2003. A capias was issued and appellant was arrested on April 28, 2003. A resentencing hearing was held on April 30, 2003. Appellant appeared without counsel. By judgment entry filed May 2, 2003, the trial court resentenced appellant to an aggregate term of two years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "Martin N. Rice, II was deprived of his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution when the trial court failed to properly inquire into whether Mr. Rice knowingly, intelligently, and voluntarily waived his right to counsel and whether he knowingly, intelligently, and voluntarily asserted his right to self-representation."
 I {¶ 6} Appellant claims he was deprived of his right to counsel when the trial court failed to ascertain whether he knowingly, intelligently and voluntarily waived counsel for his resentencing hearing. We agree.
 {¶ 7} Appellee concedes appellant was not represented by counsel nor did he waive his right to counsel during the resentencing hearing. Pursuant to Crim.R. 44(A), a defendant has the right to counsel "at every stage of the proceedings." A defendant may waive that right, but such waiver must be made in open court and recorded in accordance with Crim.R. 22.
 {¶ 8} It is undisputed the resentencing hearing sub judice was a part of the criminal proceedings. The trial court fulfilled the promise it made to appellant during the first sentencing hearing of revisiting the sentence if appellant did not appear at the Stark County Jail on March 7, 2003. The trial court increased appellant's sentence to an aggregate term of two years as opposed to the original sentence of one year.
 {¶ 9} Because the record does not contain a waiver of counsel, we find the trial court erred in increasing appellant's sentence without the benefit of counsel.
 {¶ 10} The sole assignment of error is granted.
 {¶ 11} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.